# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN ALBERICI, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:18-cv-02279-MMB |
| Plaintiff, | CLASS ACTION |
| v. | Hon. Michael M. Baylson |
| RECRO PHARMA, INC., GERALDINE A. HENWOOD, STEWART MCCALLUM AND JOHN HARLOW, | STIPULATION OF SETTLEMENT |
| Defendants. | |

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff The Recro Investor Group ("Lead Plaintiff" or "Plaintiff"), on behalf of itself and the proposed Class (defined below), on the one hand, by and through their counsel of record in the Action (as defined herein), and Defendants Recro Pharma, Inc. ("Recro"), Geraldine A. Henwood, Stewart McCallum, and John Harlow (collectively, the "Defendants") on the other hand, by and through their respective counsel of record in the Action.

## I. THE LITIGATION

This is a consolidated securities class action brought against Defendants on behalf of all persons and entities who purchased or otherwise acquired Recro common stock from July 17, 2017 through May 23, 2018, both dates inclusive (the "Settlement Class Period").

On May 31, 2018, John Alberici filed the initial complaint in *Alberici v. Recro Pharma, Inc., et al.*, No. 2:18-cv-02279-MMB in the United States District Court for the Eastern District of Pennsylvania (the "Court"). ECF No. 1.

On October 5, 2018, the Court appointed the Recro Investor Group as Lead Plaintiff, Pomerantz LLP as Lead Counsel, and Kaskela Law LLC as liaison counsel. ECF No. 21.

On December 11, 2018, Lead Plaintiff filed the Class Action Amended Complaint ("Amended Complaint"), alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"). ECF No. 26.

On February 8, 2019, Defendants moved to dismiss the Amended Complaint. ECF No. 31. Lead Plaintiff filed its opposition to the motion to dismiss on April 9, 2019. ECF No. 32. Defendants filed a reply in support of their motion to dismiss on May 9, 2019. ECF No. 33. The court held oral argument on the motion on June 26, 2019, and supplemental memoranda were filed by Lead Plaintiff and Defendants on August 30, 2019 and September 27, 2019, respectively. ECF

Nos. 41, 43. The Court issued a memorandum and order granting the motion to dismiss the Amended Complaint without prejudice on February 14, 2020. ECF Nos. 47-48.

On April 24, 2020, Lead Plaintiff filed the Second Amended Class Action Complaint ("Second Amended Complaint"), alleging violations of §§10(b) and 20(a) of the 1934 Act. ECF No. 50.

On June 18, 2020, Defendants moved to dismiss the Second Amended Complaint. ECF No. 51. Lead Plaintiff filed its opposition to the motion to dismiss on August 17, 2020. ECF No. 54. Defendants filed a reply in support of their motion to dismiss on September 16, 2020. ECF No. 56. The Court issued a memorandum and order denying the motion to dismiss the Second Amended Complaint on March 1, 2021. ECF Nos. 59-60.

After the Court's March 1, 2021 Order, fact and expert discovery proceeded. Lead Plaintiff served interrogatories and multiple document requests on Defendants and third parties, received over one hundred thousand pages of documents from Defendants, Defendants' experts, and third parties, engaged in extensive document review, participated in numerous meet and confers, and took six depositions. Defendants also served multiple document requests on Plaintiff and third parties, engaged in document review, and took five depositions.

On September 30, 2021, Lead Plaintiff moved for class certification and appointment of class representative and class counsel. ECF No. 76. Defendants filed their opposition to Plaintiff's motion for class certification on November 30, 2021, and Plaintiff filed a reply on January 6, 2022. ECF Nos. 81-82 and 85-86, respectively.

On January 15, 2022, Lead Plaintiff served expert reports on Defendants for their damages and FDA experts. Defendants served damages and FDA rebuttal expert reports on March 1, 2022.

The parties also engaged in settlement discussions. Lead Plaintiff and Defendants engaged in a mediation with Jed Melnick, a nationally known mediator of securities class actions. In

advance of the mediation, which took place in June 2021, the parties submitted detailed mediation statements. The parties negotiated in good faith, but were unable to reach a resolution at mediation, as the parties' positions remained far apart. Settlement discussions resumed later and the mediator worked closely with the parties to achieve a settlement in this matter. These negotiations were protracted, complex, and challenging. After extensive further discussions and negotiations, with the active involvement of the mediator, the parties reached an agreement-in-principle to settle the case on the terms set forth herein and the parties ultimately asked the Court on March 24, 2022 to stay all deadlines to allow the parties to focus their attention on finalizing the settlement. ECF No. 107.

## II. PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through summary judgment and trial (and any possible appeals). Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class, is fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made by Plaintiff in the Action, along with all the charges of wrongdoing or liability

against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants have expressly denied and continue to deny that they have committed any act or omission giving rise to any liability or violation of law, or have otherwise misled investors as alleged in the Action. Defendants have denied and continue to deny the allegations that any of the Defendants made any material misstatements or omissions or engaged in any fraudulent scheme; and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the evidence developed to date supports their position that they acted properly at all times and that the Action is without merit. In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

As set forth below, nothing in this Stipulation or any other aspect of the Settlement shall be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim or of any fault, liability, wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

**NOW THEREFORE**, without any concession by Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Plaintiff and the Defendants, each through their respective attorneys, subject to approval by the Court pursuant to

Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties (as defined below), all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

**1. Definitions**

As used in this Stipulation, the following terms shall have the meanings set forth below.

1.1 "Action" means the civil action captioned *Alberici v. Recro Pharma, Inc., et al.*, No. 2:18-cv-02279-MMB, pending in the United States District Court for the Eastern District of Pennsylvania before the Honorable Michael M. Baylson.

1.2 "Additional Counsel" means Bronstein, Gewirtz & Grossman, LLC.

1.3 "Authorized Claimant" means a Settlement Class Member who has submitted a timely and valid Claim to the Claims Administrator (in accordance with the requirements established by the Court), whose claim for recovery has been approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation, and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation and order of the Court.

1.4 "Claim" means a completed and executed Claim Form that has been submitted to the Claims Administrator in accordance with the instructions on the Claim Form.

1.5 "Claims Administrator" means the firm of Strategic Claims Services. Defendants shall have no involvement in the retention of the Claims Administrator or any other claims administrator.

1.6 "Defendants" means Recro, Geraldine A. Henwood, Stewart McCallum, and John Harlow

1.7 “Defendants’ Counsel” means the law firm of Troutman Pepper Hamilton Sanders LLP.

1.8 “Effective Date” means the date upon which the Settlement shall have become effective, as set forth in ¶7.1, below.

1.9 “Escrow Account” means the separate interest bearing escrow account designated and controlled by Pomerantz LLP into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

1.10 “Escrow Agent” means The Huntington National Bank or its appointed agents. The Escrow Agent shall perform duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

1.11 “Fee and Expense Application” means Lead Counsel’s application for an award of attorneys’ fees and litigation expenses, and any award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 in connection with their representation of the Settlement Class.

1.12 “Final” means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes “Final” when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this definition of “Final,” an “appeal” includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding

involving writs of certiorari or mandamus, and any other proceedings of like kind. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.13 "Insurers" means the insurance carriers that are funding the Settlement Amount.

1.14 "Judgment" means the proposed judgment to be entered by the Court finally approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.15 "Lead Counsel" means Pomerantz LLP.

1.16 "Lead Plaintiff" or "Plaintiff" means the Recro Investor Group (consisting of Daniel Wessler, John Alberici, and Ronald Davidson).

1.17 "Liaison Counsel" means Kaskela Law LLC.

1.18 "Plaintiff's Counsel" means Pomerantz LLP, Kaskela Law LLC, and Bronstein, Gewirtz & Grossman, LLC.

1.19 "Mediator" means Jed D. Melnick, Esq. of JAMS.

1.20 "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses and any award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.21 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Settlement Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

1.22 "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership,

marital community, association, joint stock company, joint venture, joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.23 "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.24 "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.25 "Claim Form" or "Proof of Claim" means the Proof of Claim for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.26 "Recro" means Recro Pharma, Inc.

1.27 "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, that Lead Plaintiff or any other member(s) of the Settlement Class asserted or could have asserted now or in the future in any forum that both (i) arise out of, are based upon, or are related in any way to the allegations, transactions, facts, events, matters, occurrences, disclosures, statements, representations, acts, or omissions that were referred to or alleged, or that could have been referred to or alleged, in the Action, and (ii) relate in any way to the purchase or acquisition of Recro common stock by Settlement Class Members during the Settlement Class Period. Notwithstanding

the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

1.28 "Released Defendant Parties" means, collectively, each and all of (i) the Defendants, the members of each Defendant's immediate family, any entity in which any Defendant or member of any Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Defendant is a settlor or which is for the benefit of any Defendant and/or members of his/her family; and (ii) for each and every Person listed in part (i), their respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, consultants, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.29 "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiff's Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

1.30 "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.31 "Released Plaintiff Parties" means the Plaintiff, each and every Settlement Class Member, Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

1.32 "Settlement Class" means all Persons who purchased or otherwise acquired Recro common stock from July 17, 2017 through May 23, 2018, both dates inclusive. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries of Recro; (ii) present and former officers and directors of Recro and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; and (v) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements set by the Court.

1.33 "Settlement Class Member" means a Person who falls within the definition of the Settlement Class.

1.34 "Settlement Class Period" means the period from July 17, 2017 through May 23, 2018, both dates inclusive.

1.35 "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.36 "Settlement Amount" means One Million Four Hundred Thousand Dollars ($1,400,000.00) in cash.

1.37 "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.38 "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses should be approved.

1.39 "Settling Parties" means Plaintiff, on behalf of itself and the Settlement Class, and the Defendants.

1.40 "Stipulation" means this Stipulation of Settlement.

1.41 "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.42 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.9.

1.43 "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes arising with respect to the income earned by the Settlement Fund as described in ¶2.9.

1.44 "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, regardless of whether such claim(s), if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiff and Settlement Class Members (as regards to the Released Plaintiffs' Claims) and the Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**2. The Settlement**

**a. The Settlement Fund**

2.1 In full settlement of the Released Claims, the Defendants shall cause the Insurers to transfer the Settlement Amount to the Escrow Account no later than twenty-one (21) calendar days after the later of: (i) entry of the Preliminary Approval Order; and (ii) the provision to Defendants of information necessary to effectuate a payment of funds by check or ACH transfer, including payment instructions and a signed W-9 reflecting the taxpayer identification number for the Escrow Account. The date of the payment referenced in this paragraph (i.e. twenty-one (21) calendar days after the later of the foregoing (i) and (ii)) shall hereinafter be referred to as the "Payment Date." These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2 If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) calendar days after Lead Counsel has provided such written notice.

2.3 The Defendants (on behalf of themselves and the Released Defendant Parties) and Plaintiff expressly agree and acknowledge as follows with respect to the Escrow Account and the Settlement Amount:

(a) The Settlement Amount is being paid entirely by insurance carriers from the proceeds of available insurance, and not by any of the Defendants themselves or from any of their respective assets or property. The Escrow Account and all funds on deposit therein from time to time, including but not limited to the Settlement Amount, are not, and shall not be deemed to be, property of the estate of any Person (including but not limited to any of the Released Defendant

Parties) within the meaning of 11 U.S.C. §541 or any similar provision of any other law, and each of the Defendants hereby disclaims, releases, and waives any right to assert to the contrary in any proceeding in any forum whatsoever.

(b) None of the Plaintiff or Defendants shall at any time have any right, interest, or title in or to, or custody, control, or possession of, the Escrow Account, and therefore shall not have the ability to pledge, convey, hypothecate, or grant as security all or any portion of the funds in the Escrow Account, unless and until, and solely to the extent that, any such funds have been released from the Escrow Account pursuant to this Stipulation and actually received by a Plaintiff or Defendant. The Escrow Agent shall be in sole possession, custody, and control of the Escrow Account and all amounts on deposit therein from time to time, solely in its capacity as Escrow Agent, subject to the terms of this Stipulation, and shall not act as custodian or trustee of or for the benefit of any of the Plaintiff or Defendants for any purpose, including but not limited to perfecting a security interest therein, and no creditor of any of the Plaintiff or Defendants shall have the right to have or to hold or otherwise attach or seize all or any portion of the Escrow Account as collateral for or in satisfaction of any obligation, and shall not be able to obtain a security interest in any of the funds in the Escrow Account unless and until, and solely to the extent that, any such funds have been released from escrow pursuant to this Stipulation and actually received by a Plaintiff or Defendant. Each of the Plaintiff and Defendants hereby disclaims, releases, and waives any right it may have to assert that it has any right, interest, or title (equitable or otherwise) to the Escrow Account or any amounts on deposit therein from time to time, other than their respective rights, if any, to receive funds from the Escrow Account, solely as expressly provided for in this Stipulation.

**b. The Escrow Agent**

2.4 The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully

insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.5 The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

2.6 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7 All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.8 Prior to the Effective Date and without further order of the Court, up to $250,000.00 of the Settlement Fund may be used by the Escrow Agent to pay reasonable costs and expenses actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the submission of claims, processing Proofs of Claim, administering and distributing the Net Settlement Fund to Authorized Claimants, paying the transfer agent's actual and reasonable fees and expenses, if any, necessary to obtain and provide the shareholder lists contemplated by ¶5.2 below, and paying escrow fees and costs, if any ("Notice and

Administration Expenses"). The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any Claims with respect thereto. After the Effective Date, the Escrow Agent may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

**c. Taxes**

2.9 (a) The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c) All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments

that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

**d. Termination of Settlement**

2.10 In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.8 or 2.9, shall be refunded to the

Insurers that paid the Settlement Amount in accordance with ¶¶6.3 and 7.4 and pursuant to written instructions provided by Defendants' Counsel to the Escrow Agent within twenty-one (21) calendar days from the date of the notice from Defendants' Counsel to the Escrow Agent pursuant to ¶7.4.

**3. Class Certification, Preliminary Approval Order and Settlement Hearing**

3.1 Solely for purposes of and in connection with this Settlement, and subject to approval by the Court, the parties consent to certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class (consistent with the definition set forth in ¶1.32 hereof), with Lead Plaintiff as the Class Representative, and Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The certification of the Settlement Class shall be binding only with respect to the Settlement. Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3, respectively, attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2 Lead Counsel shall request that, after notice is given to the Settlement Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein, the proposed Plan of Allocation, and the Fee and Expense Application.

**4. Releases**

4.1 Upon the Effective Date, Plaintiff and each of the Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendant Parties any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), whether or not such Settlement Class Members execute and deliver the Proof of Claim or shares in the Net Settlement Fund.

4.2 Upon the Effective Date, Plaintiff and each of the Settlement Class Members (who have not validly opted out), and anyone claiming through or on behalf of any of them, shall be permanently barred and enjoined from the commencement, institution, maintenance, prosecution, or enforcement against any Released Defendant Party, in any court of law or equity, arbitral forum, administrative forum, or in the court of any foreign jurisdiction, of any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund. The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

4.3 The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Settlement Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Settlement

Class Members (who have not validly opted out of the Settlement Class) irrespective of any lack of submission of a Proof of Claim.

4.4 Upon the Effective Date, each of the Released Defendant Parties, on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Plaintiff's Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).

**5. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1 The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2 Within fifteen (15) business days after the Court enters the Preliminary Approval Order, Recro shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator documentation or data in the possession of Recro or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Recro common stock during the period from July 17, 2017 through May 23, 2018, both dates inclusive, and their last known addresses or other similar information. Recro shall provide the Escrow Agent with information sufficient for the Escrow Agent to reimburse Recro for any actual and reasonable fees or expenses paid by Recro to the transfer agent that were necessary to obtain and provide such shareholder lists. It shall be solely the Escrow Agent's responsibility to reimburse Recro for the transfer agent's actual and reasonable fees and expenses, if any, necessary to obtain and provide the

shareholder lists contemplated by this paragraph; provided, however, that such fees and expenses may be paid out of the Settlement Fund as Notice and Administration Expenses pursuant to ¶2.8 above.

5.3 In accordance with the schedule set forth in the Preliminary Approval Order, the Claims Administrator will mail the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, to all shareholders of record, or nominees. The Notice and Proof of Claim shall also be posted on the Settlement website. In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in *GlobeNewswire*. The cost of providing such notice shall be paid out of the Settlement Fund.

5.4 The Settlement Fund shall be applied as follows:

(a) to pay all Notice and Administration Expenses;

(b) to pay all Taxes and Tax Expenses described in ¶2.9 hereof;

(c) to pay Plaintiff's Counsel's attorneys' fees and expenses and the award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

(d) to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6 Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2

attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto) or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

5.7 All Settlement Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8 The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.9 Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance in an equitable and economical fashion among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.

5.10 The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination or calculation of any claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in ¶¶ 5.1-5.15 hereof; and the Settlement Class Members, Lead Plaintiff, and Lead Counsel release the Released Defendant Parties and Defendants' Counsel from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.11 Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

5.12 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Settlement Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.13 No Person shall have any claim against Plaintiff, Settlement Class Members, Plaintiff's Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on determinations or distributions made substantially in accordance with the

Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

**6. Lead Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel may submit an application or applications on behalf of Plaintiff's Counsel (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses, costs, or charges in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any and all such fees, expenses and costs awarded by the Court shall be payable solely out of the Settlement Fund. In addition, Plaintiff may submit an application for an award from the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

6.2 The attorneys' fees and expenses, as awarded by the Court, shall be paid from the Settlement Amount within ten (10) days of the award by the Court. This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiff's Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action. Any such awards shall be paid solely by the Settlement Fund. Defendants and their insurance carrier shall have no responsibility for, and no liability with respect to, the allocation of any attorneys' fees or costs among any counsel or to any other person or any obligation of Plaintiff's Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.

6.3 In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal

or modification, refund such fees or expenses to the Settlement Fund pursuant to ¶2.10, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction. Any refunds required pursuant to this paragraph shall be the obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund. Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4 The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.5 Released Defendant Parties shall not have any responsibility for any payment of attorneys' fees and expenses to Plaintiff's Counsel apart from payment of the Settlement Amount pursuant to ¶2.1.

## 7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) the Stipulation, and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties, have been executed;

(b) the Settlement Amount has been deposited into the Escrow Account;

(c) Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(d) the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(e) the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Plaintiff and the Defendants, as set forth above; and

(f) the Judgment has become Final, as defined in ¶1.12 hereof.

7.2 Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' Counsel on behalf of their respective clients mutually agree in writing to proceed with the Settlement.

7.3 If, prior to the Settlement Hearing, Persons who otherwise would be members of the Settlement Class have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and if the total number of shares of Recro common stock purchased or acquired by such Persons during the Settlement Class Period equals or exceeds an amount specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Plaintiff and Defendants by and through their counsel, then Defendants shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court in connection with the request for approval of the Settlement, nor disclosed to any person other than the named parties and their representatives, unless required by court Order. However,

should a dispute arise between Plaintiff and Defendants concerning its interpretation or application, the Supplemental Agreement may be filed under seal with the Court.

7.4 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.8 or 2.9 hereof, shall be refunded to the Insurers that paid the Settlement Amount pursuant to written instructions provided by Defendants' Counsel to the Escrow Agent. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, to the Insurers that paid the Settlement Amount pursuant to written direction provided by Defendants' Counsel to the Escrow Agent.

7.5 In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, Plaintiff and Defendants shall be restored to their respective positions in the Action as of March 24, 2022. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.44, 2.8-2.10, 6.3, 7.2-7.4, 7.6, 8.2, 8.5-8.7 and this ¶7.5 hereof, shall have no further force and effect with respect to Plaintiff and Defendants and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and Plaintiff and Defendants shall be deemed to return to their status as of March 24, 2022. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel or Plaintiff shall constitute grounds for cancellation or termination of the Stipulation.

7.6 In the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of the Settlement Amount or any portion thereof to the Escrow Agent, or any transfer of the Settlement Fund or any portion thereof by the Escrow Agent to be a preference, voidable transfer, fraudulent transfer, or similar transaction, and if any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Plaintiff, Plaintiff may move the Court (and Defendants waive the right to contest such motion) to vacate and set aside the releases provided for in this Stipulation and the Judgment entered in favor of the Defendants, in which event the Defendants, the Plaintiff, and the members of the Settlement Class shall be restored to their litigation positions as of March 24, 2022. The motion described in this ¶7.6 and any relief by the Court shall be conditioned upon the refund of the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed, according to the procedures set forth in ¶7.4 above.

**8. Miscellaneous Provisions**

8.1 The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2 The Settling Parties agree that this Stipulation is intended to inure to the benefit of, and be enforceable by, all Released Parties.

8.3 The commencement by or against any Plaintiff or Defendant of a case or proceeding under Title 11 of the United States Code, any state insolvency or receivership law, or any state law relating to general assignment for the benefit of creditors, composition, marshaling, or other similar arrangements and procedures, shall not operate to stay, terminate, cancel, suspend, excuse, delay, impede, or otherwise interfere with or impair (i) the rights, if any, of any other Settling

Parties to receive the Settlement Fund pursuant to this Stipulation, or (ii) the duties of the Escrow Agent under this Stipulation, including but not limited to the Escrow Agent's obligation to release the Settlement Fund from escrow consistent with this Stipulation.

8.4 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense. The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that Plaintiff, Plaintiff's Counsel, Released Defendant Parties, and Defendants' Counsel at all times complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

8.5 Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiff were not valid or that the amount

recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants make no admission of liability or wrongdoing, and each Defendant denies all wrongdoing. Notwithstanding the foregoing, the Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.6 Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Plaintiff, Defendants, and their respective counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

8.7 All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

8.8 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.9 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.10 No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.11 The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

8.12 Upon the payment of the Settlement Amount into the Escrow Account, (a) this Stipulation shall not be, and shall not be deemed or considered to be, executory, as that term has been interpreted under 11 U.S.C. §365, and (b) no further obligations of any of the Defendants pursuant to this Stipulation or any further effort or responsibility to defend against any appeal or proceeding seeking judicial review of any order contemplated by this Stipulation shall render the Settlement or all or any portion of this Stipulation executory, as that term has been interpreted under 11 U.S.C. §365.

8.13 The Settlement is not conditioned upon the settlement or approval of settlement of any other suit.

8.14 This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, as more fully described herein. If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.15 Neither the Settlement Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a

basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or if the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.16 Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

8.17 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.18 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid); or (iii) seven (7) calendar days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Plaintiff or to Lead Counsel:

Jeremy A. Lieberman
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100

If to Defendants or to Defendants' Counsel:

Robert L. Hickok
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000

8.19 The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.20 The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties.

8.21 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.22 Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.23 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the Plaintiff and Defendants hereunder shall be

construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Pennsylvania, without giving effect to that State's choice-of-law principles.

8.24 This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 7, 2022.

Dated: May 7, 2022

**POMERANTZ LLP**

By: *Jeremy A. Lieberman*

Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
bszydlo@pomlaw.com
vshteyn@pomlaw.com

*Lead Counsel for Lead Plaintiff and the proposed Class*

**KASKELA LAW LLC**
D. Seamus Kaskela (Bar No. 204351)
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Telephone: (484) 258–1585
Facsimile: (484) 258–1585
Email: skaskela@kaskelalaw.com

*Liaison Counsel*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: *Robert L. Hickok*

Robert L. Hickok (PA Bar No. 30101)
Jay Dubow (PA Bar No. 41741)
Erica H. Dressler (PA Bar No. 319953)
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000
Email: robert.hickok@troutman.com
jay.dubow@troutman.com
erica.dressler@troutman.com

Whitney R. Redding (PA Bar No. 308893)
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219
Telephone (412) 454-5000
Email: whitney.redding@troutman.com

*Counsel for Defendants*