UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ALBERICI, Individually and On Behalf of All Others Similarly Situated, <br><br>      Plaintiff, <br><br>  v. <br><br>RECRO PHARMA, INC., GERALDINE A. HENWOOD, STEWART MCCALLUM AND JOHN HARLOW, <br><br>      Defendants. | Case No. 2:18-cv-02279-MMB <br><br>CLASS ACTION <br><br>Hon. Michael M. Baylson |

**NOTICE OF LEAD PLAINTIFF'S MOTION TO CORRECT THE FINAL APPROVAL ORDER OF SETTLEMENT**

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, Lead Plaintiff The Recro Investor Group, by their undersigned attorneys, move this Court to correct the Order: Final Approval of Settlement (the "Final Approval Order") (Dkt. No. 116) (Exhibit A) to reflect that Notice and Administration Expenses, Taxes and Tax Expenses will be deducted from the Net Settlement Fund balance payable to the Class.

The Final Approval Order states that the "Balance payable to the class [is] $776,751.00" but does not reflect Notice and Administration Expenses that were previously approved by the Court, as well as Taxes and Tax Expenses. *Id.* The Order Preliminarily Approving Settlement And Providing For Notice (Dkt. No. 110 ¶ 24) states that "[a]ll reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation." The Stipulation (Dkt No. 109-3 ¶ 2.8), states:

- 1 -

> Prior to the Effective Date and without further order of the Court, up to $250,000.00 of the Settlement Fund may be used by the Escrow Agent to pay reasonable costs and expenses actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the submission of claims, processing Proofs of Claim, administering and distributing the Net Settlement Fund to Authorized Claimants, paying the transfer agent's actual and reasonable fees and expenses, if any, necessary to obtain and provide the shareholder lists contemplated by ¶5.2 below, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

\* \* \*

> After the Effective Date, the Escrow Agent may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

The Stipulation also defines the "Net Settlement Fund" payable to the Class as the "Settlement Fund less … Notice and Administration Expenses [and] Taxes and Tax Expenses," and that all Taxes arising with respect to the income earned by the Settlement Fund and Tax Expenses shall be paid out of the Settlement Fund. *Id.* at 7, 17. Additionally, the Final Approval Order states that "the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation." Dkt. No. 116 at 3. Moreover, Lead Plaintiff stated in its final approval papers that "[o]nce each claim is calculated and verified, and the distribution ratio is determined, the Net Settlement Fund (*i.e.*, the Settlement amount after the deduction of Notice and Administration Expenses, Taxes and Tax Expenses, and all Court-approved attorney's fees, litigation expenses, and class representative awards) shall be distributed to Authorized Claimants who are entitled to a distribution of at least $10.00." Memorandum Of Law In Support Of Lead Plaintiff's Motion For Final Approval Of Settlement, Plan Of Allocation, Award Of Attorneys' Fees And Expenses, And Award To Lead Plaintiff (Dkt No. 112-1) at 17.

For all the above reasons, Lead Plaintiff respectfully requests the Court to correct the Final Approval Order and submits the proposed Corrected Order, attached hereto as Exhibit B, which

reflects that Notice and Administration Expenses, Taxes and Tax Expenses will be deducted from the Net Settlement Fund balance payable to the Class.

DATED: January 23, 2023

**POMERANTZ LLP**

By: */s/ Brenda Szydlo*

Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
bszydlo@pomlaw.com
vshteyn@pomlaw.com

*Lead Counsel for Lead Plaintiff and the proposed Class*

**KASKELA LAW LLC**
D. Seamus Kaskela (Bar No. 204351)
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Telephone: (484) 258–1585
Facsimile: (484) 258–1585
Email: skaskela@kaskelalaw.com

*Liaison Counsel*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel*