# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN ALBERICI**, Individually and On Behalf of All Others Similarly Situated, *Plaintiffs*, <br><br> v. <br><br> **RECRO PHARMA, INC., GERALDINE A. HENWOOD, STEWART MCCALLUM** and **JOHN HARLOW**, *Defendants*. | **CIVIL ACTION NO. 18-2279** |

## CORRECTED ORDER: FINAL APPROVAL OF SETTLEMENT

**AND NOW**, this 27th day of February 2023, upon consideration of Lead Plaintiff's Motion for Final Approval of Settlement (Doc. No. 112), its Response in Support of Motion for Final Approval of Settlement (Doc. No. 113) and for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Lead Plaintiff's Motion is **GRANTED** under the conditions set forth in the Memorandum and listed below:

1. Award of fees to Plaintiff's counsel – $233,800.00 to be divided between the Pomerantz and Kaskela firms.

2. Award of expenses to be deducted from the settlement amount: $384,449.00.

3. Award for each of the three individuals making up Lead Plaintiff is **DENIED**;

4. Balance payable to the class: $776,751.00, less Notice and Administration Expenses, Taxes and Tax Expenses.

5. Class counsel are responsible for administration and distribution of the settlement amount to the class, with its vast experience, this will not be burdensome for the Pomerantz firm.

6. This Order incorporates by reference the definitions in the Stipulation of Settlement dated May 7, 2022 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

7. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Settlement Class Members who have not timely and validly requested exclusion.

8. Notice of the Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

9. The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons other than Defendants who purchased or otherwise acquired Recro securities between July 17, 2017 through May 23, 2018, both dates inclusive (the "Settlement Class Period") and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries of Recro; (ii) present and former officers and directors of Recro and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; and (v) the

legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation and the memorandum accompanying this Order.

10. No Person shall have any claim against the Plaintiff, the Settlement Class, Plaintiff's Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation and the Plan of Allocation, or otherwise as further ordered by the Court.

11. Upon the Effective Date, the Plaintiff, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not the Plaintiff, or such Settlement Class Member executes and delivers the Proof of Claim and whether or not the Plaintiff, or each of the Settlement Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

12. Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

13. Upon the Effective Date, the Plaintiff, all Settlement Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

14. The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment.

15. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of

Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

18. The Released Parties shall bear their own costs and expenses except as otherwise provided.

19. Without further order of the Court, the Released Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. The Court directs immediate entry of this Judgment by the Clerk of the Court.

BY THE COURT:

/s/ MICHAEL M. BAYLSON
_____
**MICHAEL M. BAYLSON, U.S.D.J.**